**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LUTHER SPENCER,                          :
                                         :
            Plaintiff,                   :            Case No. 2:14-cv-00615
                                         :
v.                                       :            **JUDGE ALGENON L. MARBLEY**
                                         :
GOVERNOR JOHN R. KASICH, *et al.*,       :            **Magistrate Judge Deavers**
                                         :
            Defendants.                  :

<u>ORDER</u>

This matter is before the Court on Plaintiff's objection, (Doc. 18), to the Magistrate

Judge's July 9, 2014 **Report and Recommendation**, (Doc. 15), recommending that Plaintiff's

action be dismissed without prejudice pursuant to Rule 4(m) for failure to timely effect service of

process. Upon independent review by the Court, Plaintiff's objections are hereby

**OVERRULED** and the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**.

Accordingly, this action is **DISMISSED**.

## I.      BACKGROUND

On November 22, 2013, the Court granted Plaintiff's Motion to Proceed *in forma*

*pauperis* and directed him to submit a completed summons form, United States Marshal form,

and a copy of the Complaint for each Defendant. (Doc. 3). On February 2, 2013, Plaintiff filed a

motion for Summary Judgment based on Defendants' failure to respond to the Complaint. (Doc.

7). On March 13, 2014, the summonses were returned unexecuted as to all Defendants because

Plaintiff provided an incorrect zip code, 43218 (incorrect) instead of 43215 (correct). On May

22, 2014, the Magistrate Judge recommended dismissal of Plaintiff's motion and ordered the

Plaintiff to show cause why his lawsuit should not be dismissed under Federal Rule of Civil

Procedure 4(m)[1] for failure to timely effect service. (Doc. 9). On July 16, 2014 this Court adopted the Magistrate Judge's recommendation that the Plaintiff's Motion be dismissed for failure to properly serve the Defendants. (Doc. 17).

On June 16, 2014, the Magistrate Judge issued a second show cause order, this time giving Plaintiff fifteen additional days to correct his error in addressing the summons forms. (Doc. 12). Plaintiff was ordered, once again, to submit completed summons forms, and a copy of the complaint for each defendant so that service of process could be made in this case. (*Id.*). Plaintiff did not return these forms with the correct address within the fifteen days so that the Defendants could be served, nor did he respond to the Court's second Show Cause Order. Also, Plaintiff has not provided proof of service over any Defendants as required by Federal Rule 4(l).[2] Therefore, the Magistrate Judge has recommended that the Court dismiss this action without prejudice pursuant to Rule 4(m) for failure to timely effect service of process.

The Plaintiff has objected to the Report and Recommendation and sought review from this Court. Plaintiff claims that "Defendants do (not) denied beening service" (sic). This argument fails because there is no burden on parties improperly served to challenge service; "[p]laintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made." *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir.1994)).

---

[1] Rule 4(m) provides in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is fied, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
>
> Fed. R. Civ. P. 4(m)

[2] Rule 4(l) requires proof of service. Since the Plaintiff's application to proceed *in forma pauperis* was approved, it was his responsibility to correctly complete the appropriate forms so that the U.S. Marshal Service could serve the Defendants. Since the zip code provided was incorrect, the U.S. Marshal Service was unable to serve the Defendants on the Plaintiff's behalf. (Doc. 8).

The Plaintiff also attached exhibits, including a United Postal Service return receipt dated June 4, 2014. The address on the receipt indicates that the Defendant sent something to Department of Administrative Service 38 East Broad Street, Columbus, OH 43215, and that the office received it. The Plaintiff, however, does not provide any further information about this return receipt. This receipt alone cannot serve as proof of proper service under Federal Rule of Civil Procedure 4, Local Rule of the Southern District of Ohio 4.2, or Ohio Civil Rule 4.1.

In this case, the court ordered that service be made by a United States marshal since Plaintiff was authorized to proceed *in forma pauperis*, and the fee for service via a United States marshal is waived for a Plaintiff proceeding *in forma pauperis*. *See* Fed. R. Civ. P. 4. The return receipt, however, is not evidence that the Plaintiff provided the US Marshal Service with the correct address and proper documents to make service.

Additionally, the Plaintiff has not proven that he properly served the Defendants without the assistance of a United States Marshal.  This return receipt is not evidence of proper service under the Local Rules of the Southern District of Ohio because proper service by express mail requires involvement from the Clerk. "[T]he Court prefers parties to use the methods of service provided in Fed. R. Civ. P. 4 before using certified mail service under Ohio law." S.D. Ohio Civ. R. 4.2. 4.2. One such method provided in Fed. R. Civ. P. 4 is service by U.S. Marshal. Fed R. 4(c)(3). If, however, a party elects to use Ohio certified mail service, the Plaintiff must address the envelope to the person to be served, place a copy of the summons and complaint in the envelope, include the return receipt sender as "Clerk, United States District Court, Southern District of Ohio," and deliver it to the Clerk "who shall cause it to be mailed." *See* S.D. Ohio Civ. R. 4.2(c).

The return receipt cannot be proof of service under the Ohio Civil Rules either, which also require involvement from the clerk; "[t]he clerk shall deliver a copy of the process and complaint . . .to the United States Postal Service for mailing." Ohio Civ. R. 4.1.

## II.    ANALYSIS

This Court has conducted a *de novo* review of the record in this case, as required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b).[3] If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court is sensitive to the fact that Plaintiff is proceeding pro se. However, procedural requirements, such as requirements for service of process, are equally binding on members and non-members of the bar, and a pro se party should not expect lenience due to inexperience. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). The Court's examination of the relevant law and of the record does not illuminate facts or law that can cure the ills of improper service of process. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendation, (Doc. 15), the Plaintiff's objections, (Doc. 18), as well as a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the Report and Recommendation in its entirety.  In so doing, this Court overrules Plaintiff's objections.

---

[3] If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As noted, since this case is dismissed without prejudice, the Plaintiff may re-file the same case, and then properly serve the Defendants.

### III.    CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections.  The Court hereby **ADOPTS** the Magistrate Judge's **Report and Recommendation.**  The case is **DISMISSED**.

**IT IS SO ORDERED.**

_____s/Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**DATED:  January 29, 2015**                **UNITED STATES DISTRICT JUDGE**